UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO DELGADO VASQUEZ, | ) | CASE NO. 4:11 CV 1658 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| M. PUGH, WARDEN | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Antonio Delgado Vasquez's habeas corpus petition pursuant to 28 U.S.C. § 2241. He names Warden Michael Pugh of Northeast Ohio Correctional Center (N.E.O.C.C.) as respondent. Mr. Vasquez, who is incarcerated at N.E.O.C.C., claims a staff error at N.E.O.C.C. denied him 12 days Good Conduct Time (GCT) to which he is entitled. He seeks the accrual of 12 days GCT from the date he intended to enroll in the prison's GED program until the end of his first year in prison.

*Background*

Mr. Vasquez went to the "education office" at N.E.O.C.C. on February 26, 2008. There he encountered a teacher who did not speak Spanish, but attempted to "explain me [sic] something in english." (Pet. at 1.) Mr. Vasquez, who does not speak English, replied in Spanish

that he wanted to enroll in the prison's GED program. No translator was present. He claims the teacher became frustrated with their inability to communicate and handed him a form to sign. Mr. Vasquez states he willingly signed the document because he believed it was an enrollment form.

After a team meeting, Mr. Vasquez became aware that he signed an "Education Program Statement of Refusal," form indicating his refusal to participate in the educational services provided by the prison. He argues, however, that the court should consider the fact that he later enrolled in the prison's GED program, to indicate he never intended to sign a refusal form. This fact, alone, should prove that he always intended to enroll in the program. As such, Mr. Vasquez argues that the higher number of GCT days that accrue after the completion of a GED program should have started from the date he intended to enroll versus the date of his actual enrollment.

On January 12, 2011, Mr. Vasquez filed an Inmate Request to Staff Member with his Case Manager. The narrative of the request states it is a second request for the restoration of GCT. He argues that N.E.O.C.C. incorrectly deducted 12 days GCT from his first year based on non-completion of the GED program. The case manager responded that the prison's records reveal Mr. Vasquez started the prison's GED program on November 3, 2008 and completed his 240 hours requirement on February 27, 2009. Therefore, during the course of his January 28, 2008 through January 28, 2009 anniversary year, Mr. Vasquez had not completed the entire GED program. Therefore, under the provisions of the program, Mr. Vasquez was not entitled to additional 12 days GCT for a period of time in which he had not successfully completed the program.

An Informal Resolution form, dated May 10, 2011 from Mr. Vasquez to N.E.O.C.C. Staff, complains that it is the fault of the prison that he was not enrolled in a GED program earlier. He states "I am sure you are aware that there is always [a] long waiting list for new arrivals, which

does not start immediately upon arrival." (Inf. Res. of 5/10/11.) He blames the education department for giving him a later start date. The Staff responded that Mr. Vasquez received the full restoration of credit to which he was due based on the date he completed the program. A subsequent letter, dated June 13, 2011, from Corrections Corporation of America (which runs N.E.O.C.C.) to Mr. Vasquez explains that inmates who do not complete the requirements of Literacy Program (GED Standard) PS 5350.28 will earn 42 days per year GCT. It is only upon the completion of a GED program that the inmate begins to accrue 54 days per year GCT. An appeal to the Warden was rejected as untimely on June 22, 2011. A Regional Appeal was rejected because Mr. Vasquez did not provide a copy of the prison's BP-9 form or a copy of the warden's response.

*Analysis*

Mr. Vasquez asserts a right to 12 days GCT based on the date he intended to enroll in a GED program at N.E.O.C.C. He claims that 'but for' the education department handing him a refusal form instead of the enrollment form he allegedly requested, he would have been enrolled in the program during his inaugural year. He provides no legal or regulatory authority upon which he bases his argument.

*Not Entitled to Habeas Relief*

When a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States," habeas relief is available. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21(1975). While the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. *See* U.S. CONST. AMEND. XIV, §

1. Therefore, before an inmate may argue he has been deprived of his liberty in violation of the Constitution, he must first establish a liberty interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)(we "reach the quest of what process is due only if the inmates establish a constitutionally protected liberty interest"). With regard to GCT, an inmate possesses a due-process liberty interest in good-time credit which has already been earned and in which the inmate is vested, as it will inevitably affect the inmate's duration of confinement. *Sandin v. Conner*, 515 U.S. 472, 483 (1995). This stems, of course, from the concept that an inmate only holds a protectable right in those interests to which he has a legitimate claim of entitlement. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)(quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577(1972)).

A prisoner's entitlement to sentence credit, or GCT, is set forth in 18 U.S.C.§ 3624, which states, in part:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. §3624(b). The 54 days of annual credit is not mandated. In fact, for prisoners who are serving a sentence for an offense committed on or after April 26, 1996, the BOP awards:

> (1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) . . . or

> (2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during

>the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

28 C.F.R. § 523.20. Thus, it is within the discretion of the BOP to award *up to* 54 days annually. Because the BOP calculates the accrual of GCT based solely on time actually served by a prisoner, *Petty v. Stine*, 424 F.3d 509 (6th Cir. 2006), the amount of credit to which Mr. Vasquez was entitled was based solely on what he accomplished during his first 12 months.

Every 12 months a prisoner serves his sentence establishes the amount of GCT to which he is entitled. Here, Mr. Vasquez had not completed the GED program by the end of his first year in prison. This limited his accrual of GCT to 42 days; otherwise, nothing would preclude other prisoners from claiming other 'but for' scenarios which delayed their enrollment in a program in which it is already difficult to enroll. By his own admission, Mr. Vasquez stated that most new prisoners are not able to enroll in a GED immediately upon their arrival to prison. The fact that Mr. Vasquez may have delayed that process by signing a document he was neither forced nor mandated to sign, does not elevate his entitlement to accrue GCT before he has earned his GED. Accordingly, he is not entitled to habeas relief from this court.

*Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

September 16, 2011